UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONICA HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00565-WTL-MJD |
| | ) | |
| BIOLIFE PLASMA SERVICES, L.P., | ) | |
| SHELIA STACHURA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION
TO EXPAND THE NUMBER OF INTERROGATORIES**

This matter is before the Court on Plaintiff's *Motion to Expand the Number of Interrogatories*. [Dkt. 27.] For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

**I. Background**

In this action, Plaintiff, a former full time "Plasma Center Technician" employed by BioLife Plasma Services, L.P., brings her claims of "Defendants' interference with and retaliation for [her] exercise of rights under the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601, *et seq*." [*See* Dkt. 1.] Plaintiff alleges she began her employment with Defendant on approximately May 14, 2007 and later applied for intermittent FMLA leave on two occasions, in which she sustained occupational injuries, occurring on February 12, 2016 and August 4, 2016. [Dkt. 1 at 2-3.] Plaintiff asserts her first application for FMLA leave relating to the first occupational injury was denied by Defendant BioLife and her

1

scheduled hours were subsequently reduced in adverse employment action by Defendant BioLife for the exercise of her FMLA rights. [Dkt. 1 at 3.] Plaintiff asserts in response to her second application for FMLA leave relating to the second occupational injury she was "instructed by B[ioLife]'s corporate human resources department representative . . . to remain off from work until released from her treating physician in connection with her workers compensation claims." [Dkt. 1 at 4.]

During Plaintiff's time away from work relating to her second injury, Plaintiff states she "was being directed by both the defendant employer's workers compensation case administrator . . . [and] was also being directed by defendant-employer's Corporate Leave Department, sometimes receiving contradictory information, and being told to ignore computer-generated letters from human resources." [Dkt. 27 at 1.] Plaintiff was advised to return to her position on approximately November 14, 2016 via written notification from Defendant's corporate human resources department, instructing Plaintiff to report to work on November 15, 2016. [Dkt. 1 at 4.] Plaintiff states before she was to report to work on November 15, 2016, she received a phone call from Defendant Shelia Stachura informing Plaintiff she was terminated for "job abandonment." [Dkt. 1 at 4.] Plaintiff alleges during this telephone call Defendant Stachura informed Plaintiff "she should not have followed the directions given by the corporate human resources department . . . ." [Dkt. 1 at 4.] Plaintiff raises the claim that her termination was an adverse employment action by Defendants for the exercise of her FMLA rights. [Dkt. 1 at 4.]

On September 14, 2018 the Plaintiff filed a *Motion to Expand the Number of Interrogatories*. [*See* Dkt. 27.] In relevant part, the Plaintiff's motion moves the Court to grant the Plaintiff leave to propound 25 additional interrogatories, to serve a total of 50 interrogatories upon the Defendants. [Dkt. 27 at 2-3.] Plaintiff seeks the additional 25 interrogatories to "cover

all facets of the conversations" specific to Plaintiff's communication with Defendant's Corporate Leave Department [Dkt. 27 at 2.] Defendants filed their *Opposition to Plaintiff's Motion to Expand the Number of Interrogatories* on September 21, 2018 stating the information sought from the additional interrogatories "is unreasonably duplicative of [Plaintiff's] prior discovery requests, can be obtained by less burdensome means, and is disproportionate to the needs of this straightforward employment discrimination case." [Dkt. 30 at 1.]

## II. Legal Standard

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Pursuant to Federal Rule of Civil Procedure 26(b)(2)(A), "the court may alter the limits in these rules on the number of . . . interrogatories . . . ." Fed. R. Civ. P. 26(b)(2)(A). The Court may expand the number of allotted interrogatories unless it finds "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The decision of a a court to increase the number of interrogatories allowed is a "case by case analysis" in which "the party seeking leave must forth a 'particularized showing' to exceed the limit of twenty-five interrogatories." *Duncan v. Paragon Publ'g, Inc.,* 204 F.R.D. 127, 128-29 (S.D. Ind. 2001). "Often the issue turns on whether the moving party has shown that the benefits of the additional interrogatories outweigh the burden on the imposing party." *Powell v. The Home Depot USA, Inc., & Industriaplex, Inc*., No. 07-80435-Civ., 2008 WL 2473748, at *5 (S.D. Fl. June 16,

2008). The Court addresses the discovery request of expanding the number of interrogatories in turn.

### III. Discussion

In this case, the Plaintiff asserts her FMLA leave of absence pursuant to her second occupational injury caused her to be "directed by" what can be construed as three arms operating under the Defendant-employer consisting of: 1) the Defendant-employer's workers compensation case administrator; 2) Defendant-employer's Corporate Leave Department; and 3) the Defendant-employer's Human Resources Department. [Dkt. 27 at 1.] Plaintiff's reply to her motion refers to this process as "maneuvering through the maze called FMLA." [Dkt. 39 at 1.] In Plaintiff's *Motion to Expand the Number of Interrogatories*, Plaintiff specifically requests to propound an additional 25 interrogatories to "cover all facets" of conversations between the Plaintiff and the second arm of the Defendant-employer, the Defendant's Corporate Leave Department. [Dkt. 27 at 1.] Plaintiff alleges during the coordination of her leave, she was "in constant contact with the defendant-employer's 'corporate leave department' speaking with a 'Rick,'" who Plaintiff claims advised her to disregard letters from BioLife's human resources department that stated her FMLA was not being approved. [Dkt. 39 at 1.]

The Plaintiff argues the "majority of the evidence for the Court to consider is held by the Defendant . . . . Only the Defendant[s] and their officers can testify to the practices, procedures and compliance with applicable codes and regulations." [Dkt. 27 at 2.] During Plaintiff's own deposition, in which she testified regarding her contact with "Rick" from Defendant's Corporate Leave Department, Plaintiff requested "the name and location" of this employee. [Dkt. 39 at 2.] Plaintiff further made a supplemental discovery request to inquire about other employees within

4

the human resources department who were responsible for the letters transmitted to her regarding her FMLA as follows:

> Please provide the author's name, title, work location, and last known address for those letters transmitted to Jonica Hammond from corporate human resources on August 22, 2016, October 12, 2016, and November 15, 2016.

[Dkt. 39 at 2.] Plaintiff states Defendants have not disclosed any name or location information regarding "Rick." [Dkt. 39 at 2.] Plaintiff states Defendants objected to Plaintiff's supplemental request regarding authors of the human resources letters stating the requests "call for information rather than documents and Plaintiff has already propounded the maximum number of interrogatories under [the federal rules and] [a]ccordingly, this information has not been provided to Plaintiff." [Dkt. 39 at 2.]

**1. Cumulative or Duplicative Consideration**

Defendants claim Plaintiff's additional interrogatories "appear to be entirely duplicative of discovery she has already propounded" and include the following examples as they deem inclusive of seeking the Plaintiff's requested information regarding the Defendant's Corporate Leave Department:

> **Interrogatory No. 4:** Please set forth all leave requested by the Plaintiff . . . to whom and how the leave was requested . . . whether the leave was granted or denied . . . and who participated in that decision.
>
> **Request No. 6:** Produce each and every document reflecting records of any dispute between BIOLIFE and an employee regarding designation of leave as FMLA leave, including any written statement from the employer or employee of the reasons for the designation and the disagreement
>
> **Supplemental Request No. 8:** Any and all telephone logs, conference and/or meeting notes, voice mail recordings, and emails between Jonica Hammond and defendant-employer's 'Corporate Leave Team' from August 1, 2016 through November 15, 2016[.]

5

[Dkt. 30 at 2.] Defendants state they have produced all "responsive documents and information, including call logs between Plaintiff and the corporate leave team, and emails or other documents describing Plaintiff's communications regarding her requested leave." [Dkt. 30 at 2.]

Though the Plaintiff may glean some information regarding her claims from her previous interrogatories and requests for production, particularly Supplemental Request No. 8 narrowly tailored to the "Defendant's Corporate Leave Team," the Court finds the Plaintiff's need for information pertaining to the identification and location of "Rick," "a potential witness who could testify in this case" is not cumulative or duplicative, nor is it directly addressed under Plaintiff's previously propounded discovery. [Dkt. 39 at 3.] Plaintiff alleges Defendant-employer's Corporate Leave Department's employee "Rick" instructed her to disregard letters sent to her from Defendant-employer's human resources department. [Dkt. 39 at 1.] The Court finds information regarding the authors of the letters issued from the human resources department are connected to Plaintiff's communications with Defendant-employer's Corporate Leave Department, are not cumulative or duplicative, nor are directly addressed under Plaintiff's previously propounded discovery. Further information regarding "Rick" and the authors of the human resources letters may uncover additional witnesses in this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."); Fed. R. Civ. P. 26(a)(1)(A)(i) ("a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . .")

Defendants argue the Plaintiff has propounded "numerous interrogatories and requests for production concerning BioLife's policies, practices, and procedures . . . [and] Defendants have produced all the relevant and responsive information . . . ." [Dkt. 30 at 3.] Plaintiff has requested additional interrogatories "attempting to ascertain the identity and location of one of the defendant's employees who communicated with Plaintiff and seemingly contradicted what the letters from human resources were telling her to do" along with information regarding the authors of such letters. [Dkt. 39 at 3.] The Court finds the Plaintiff's additional requests are different, and therefore not cumulative or duplicative, from previous requests for information concerning BioLife's general FMLA policies, employee instruction as to how to comply with such policies, and employee manuals and communications in relation to such policies. [Dkt. 30 at 3.]

**2. Less Burdensome Means and Particularized Showing Consideration**

Defendants argue that the information Plaintiff seeks could be obtained from less burdensome means and that Plaintiff has failed to show a "particularized" need for the additional interrogatories. [Dkt. 30 at 4.] Plaintiff's additional interrogatories are targeted to identify additional witnesses "not located in Indiana" and may "avoid the need to travel out-of-state to take depositions." [Dkt. 39 at 3.] "Interrogatories have advantages over other methods of discovery because they 'serve a proper function in avoiding unfruitful depositions, in inexpensively narrowing the areas of discovery, in minimizing delay, and in narrowing issues for trial.'" *Illiana Surgery & Med. Ctr., LLC Hartford Fire Ins. Co*., No. 2:07-cv-3, 2008 WL 5111358, at *2 (N.D. Ind. Dec. 1, 2008) (quoting *In re Potash Antitrust Litig.*, 161 F.R.D. 405, 409 (D. Minn. 1995)). "[Plaintiff] must do more than state that the proffered interrogatories are more convenient, less burdensome, and not duplicative." *Id.* at *3 (additional interrogatories

granted due to certain potential witnesses residing out of the country). The Court finds the Plaintiff has met her burden of articulating a particularized need for the identification and location of potential witnesses, not easily obtained from other sources, and not previously acquired through initial discovery means.

**3. Proportionality and Benefit to the Case Consideration**

Defendants raise a proportionality argument under Federal Rule of Civil Procedure 26(b)(1), 2(C)(ii)-(iii), in which "[t]his is a single-plaintiff action in which Plaintiff brings claims of FMLA interference and retaliation . . . ." and state relevant documents and information have already been produced, at to fail to justify doubling the amount of allotted interrogatories. [Dkt. 30 at 6.] The Court finds a level of complexity in this case, in Plaintiff's assertions she was working in coordination of three arms of the Defendant-employer, including the Defendant's Corporate Leave Department and human resources. The Court finds the benefit of the ability to permit additional interrogatories to address the communications between these arms to locate case witnesses outweighs the burden of answering 25 additional interrogatories. *See Estate of Manship v. United States*, 232 F.R.D. 552, 558-60 (M.D. La. 2005) (additional discovery permitted after considering the complexity of the case and nature of information sought); *Howard v. Urban Inv. Trust, Inc.*, No. 03-C-7668, 2011 WL 976767, at *2 (N.D. Ill. Mar. 18, 2011) ("[R]ecognizing the factual complexities involved, we agree that allowing some additional interrogatories is appropriate.").

## IV. Conclusion

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial. To effectuate these purposes, the federal discovery rules are liberally construed." *Illiana Surgery &*

*Med. Ctr.*, 2008 WL 5111358 at *2 (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994); *Spier v. Home Ins. Co.*, 404 F.2d 896 (7th Cir. 1968)). The Court finds the Plaintiff's additional requests are not cumulative or duplicative, cannot be attained through less burdensome means, was not acquired through previous discovery requests, and does not exceed the proportionality scope of the case. "[T]he Court recognizes the liberal use of interrogatories for legitimate purposes[.]" *Duncan*, 204 F.R.D. at 129.

Based on the foregoing, Plaintiff's *Motion to Expand the Number of Interrogatories* is **GRANTED**. Plaintiff may serve up to **25 additional interrogatories**, for a total of 50 interrogatories in this case and Defendants shall respond thereto.

SO ORDERED.

Dated: 15 OCT 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.